IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIRDELLA LOVE RAHHAL,** | |
| **Plaintiff** | |
| v. | Case No. 22-CV-195-JFH |
| **OKLAHOMA FORENSIC CENTER et al.,** | |
| **Defendants.** | |

**OPINION AND ORDER**

On July 1, 2022, Plaintiff Birdella Love Rahhal ("Plaintiff"), proceeding pro se, filed a Complaint [Dkt. No. 2], and a Motion to Proceed in Forma Pauperis [Dkt. No. 4]. In reliance upon the representations and information set forth in Plaintiff's Motion for Leave to Proceed in Forma Pauperis, the Court finds that the Motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a).[1] However, because authorization to proceed in forma pauperis only excuses prepayment of the fee, Plaintiff remains obligated to pay the full $400 filing fee when she is able to do so. *See Brown v. Eppler*, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees").

Under § 1915(e)(2), the Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

---

[1] Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). Where a plaintiff appears pro se, the Court construes the complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). If the allegations in a complaint, taken as true, could not raise a plausible claim of entitlement to relief, the Court may dismiss it. *Bell Atl. Corp.*, 550 U.S. at 558. However, the Court will ordinarily grant a pro se plaintiff, leave to amend a deficient complaint before dismissing it. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

The Court has reviewed Plaintiff's Complaint against Defendants Oklahoma Forensic Center and Bobby Swat ("Defendants"). Because the Complaint does not include any factual allegations, the Court concludes that Plaintiff has failed to raise a plausible claim for relief. Additionally, because the Complaint does not include any federal claims and appears to indicate that all parties are residents of Oklahoma, the Court concludes that Plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction. 28 U.S.C. § 1332.

Accordingly, the Complaint is subject to being dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. (requiring that a pleading contain: "(1) a short and plain statement of the grounds for the court's jurisdiction;" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief."). Nonetheless, the Court is mindful of Plaintiff's pro se status and will provide Plaintiff an opportunity to amend her Complaint should she choose to do so. No later than September 14, 2022, Plaintiff may file an amended complaint. Should Plaintiff fail to file an amended complaint by September 14, 20202, Plaintiff is advised that the Complaint will be dismissed.

Any amended complaint will supersede, or replace, the initial Complaint. The amended complaint must clearly describe, with supporting facts, what Plaintiff claims each defendant did or failed to do that forms the basis for her claim. Like the initial Complaint, the amended complaint will be subject to preliminary screening. If the amended complaint is deficient, it may be dismissed before any defendants are served.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 4] is GRANTED;

2. No later than September 14, 2022, Plaintiff may file an amended complaint; and

3. The Clerk of Court shall send Plaintiff one blank pro se civil complaint form along with instructions for completing the form.

Dated this 24th day of August 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE